# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**In re:**                                                   **Case No. 20-30345-KKS**
                                                                                            **Chapter 7**

     **EDWARD ANTHONY TOTH and**
     **KAREN MICHEL TOTH,**

          **Debtors.**

---

**MARY W. COLON, CHAPTER 7 TRUSTEE,**

     Plaintiff,

vs.                                                                                 Adv. Proc. No.:_____

**DIVINE MERCY FARMS, LLC,**
**a Florida limited liability company,**
**and GENE CHURCH,**

     Defendants.

---

## **COMPLAINT FOR DISSOLUTION OF LIMITED LIABILITY COMPANY**

Plaintiff, MARY W. COLON (the "Trustee"), through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 7001, files this Complaint for Dissolution of Limited Liability Company against Defendants, DIVINE MERCY FARMS, LLC, a Florida limited liability company and GENE CHURCH, and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Mary W. Colon ("Ms. Colon" or the "Trustee"), is the Trustee of the Edward Anthony Toth and Karen Michel Toth bankruptcy estate (the "Estate").

2. Defendant, Divine Mercy Farms, LLC (the "Company"), is a Florida limited liability company having its principal place of business in Escambia County, Florida.

3. Defendant, Gene Church ("Mr. Church"), is a citizen of the State of Florida and a resident of Escambia County, Florida.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §§ 157(a) and 157(b), as well as the standing order of referral of bankruptcy matters from the US District Court for the Northern District of Florida.

5. This adversary proceeding is a "core" proceeding to be heard and determined by this Court, pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises in or relates to the above-captioned Chapter 7 bankruptcy case that is pending in said district.

## GENERAL ALLEGATIONS

7. On March 27, 2021, Debtor, Edward Anthony Toth (the "Debtor" or "Mr. Toth") filed a voluntary petition for Chapter 7 bankruptcy jointly with his wife

Karen Michel Toth. As stated above, Ms. Colon is the duly-appointed Chapter 7 Trustee of Mr. Toth's bankruptcy estate.

8. As of the date of the bankruptcy filing, Mr. Toth and Mr. Church were the sole members of the Company, with each member holding an equal fifty percent membership. Upon information and belief, this ownership structure remains the same as of the date of the filing of this Complaint.

9. Pursuant to 11 U.S.C. § 541(a), Mr. Toth's 50% interest in the Company was ceded to his bankruptcy estate upon filing of the bankruptcy petition.

10. A copy of the Company's Operating Agreement is attached hereto as **Exhibit 1**. Because the Company's Operating Agreement is not an executory contract, 11 U.S.C. §541(c) is applicable and provides that the Trustee's interest in the company is unaffected by any agreement or applicable law that would otherwise restrict the transfer of Mr. Toth's interest in the Company, e.g. Section VI(1)(a) of the Operating Agreement.

## GROUNDS FOR DISSOLUTION

11. Plaintiff brings this action pursuant to §605.0702(1)(b)(5), Florida Statutes for the involuntary dissolution of defendant corporation, Divine Mercy Farms LLC due to member deadlock.

12. The Company has one asset- that certain parcel of vacant real property located in Escambia County, Florida bearing Parcel Identification Number 152N311202000000 (the "Property")

13. On November 10, 2021, Ms. Colon, as 50% owner and member of the Company, sent a letter to Mr. Church advising him that she required a sale of the with the Property with the proceeds to be split evenly between the two members. This requirement and demand was made in furtherance of Ms. Colon's duties as the Trustee and in order to fully administer the Toth bankruptcy estate. A copy of the letter is attached hereto as **Exhibit 2**.

14. Mr. Church has failed and or refused to honor the demand and proceed with coordinating the sale of the Property with Ms. Colon.

15. Section II(5) of the Operating Agreement provides that the weight of each member's vote shall be proportional to the member's percentage interest in the corporation.

16. Because Ms. Colon and Mr. Church each have equal membership interests and voting power in the Company and they are in disagreement as to whether the Company should sell its sole asset. Accordingly, the members of the Company are in complete deadlock.

17. The Operating Agreement has no provision addressing resolution of such a deadlock.

18. Upon investigation, Ms. Colon has learned a tax certificate has been issued on the Property for the Company's failure to pay the 2020 property taxes. Presently, the 2021 property taxes have not been paid.

19. With the sole asset of the Company in jeopardy and the Company having no income to pay the expenses to maintain the Property, the deadlock between the members will cause irreparable injury to the Company. Accordingly, the Company must be judicially dissolved

**WHEREFORE**, Plaintiff respectfully requests that this Court dissolve Defendant, Divine Mercy Farms, LLC, pursuant to Florida Statute Section 605.0702(1)(b)(5) in order to liquidate the corporation's assets, and divide the profits of liquidation pursuant to each member's percentage interest and for such other and further relief as the Court deems proper.

DATED this 28th day of February 2022.

*/s/ Keith L. Bell, Jr.*
**KEITH L. BELL, JR.**
Fla. Bar No.: 573809
CLARK PARTINGTON
215 S. Monroe St., Suite 530
Tallahassee, FL 32301
Telephone: (850) 320-6838
Facsimile: (850) 597-7591
kbell@clarkpartington.com
*Attorney for Plaintiff*